IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT PRESTON FOXWORTH,

    Plaintiff,

v.                                          CASE NO. 1:07-cv-00161-MP-AK

KEITH MCCRAY,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 32, the Report and Recommendation regarding the Motion for Summary Judgment filed by Keith McCray, Doc. 17. Upon consideration, the Magistrate Judge recommends that Defendant's Motion for Summary Judgment be granted in part, insofar as Plaintiff's claim for punitive damages should be dismissed, and denied in all other respects. The Magistrate Judge further recommends that this matter be remanded to him for further proceedings on the Motion for Sanctions, Doc. 27. Plaintiff timely objected, Doc. 34, only to the Recommendation as to the remand for further inquiry into the factual basis for possible Rule 11 sanctions. The Court reviews portions of the Report and Recommendation to which objections have been filed *de novo*.

Plaintiff contends that it would be impractical to ask witnesses to a five minute disciplinary hearing that happened two years ago to remember what happened accurately enough to provide sworn testimony about the same. Plaintiff proposes instead that he consent to this action's dismissal with prejudice in return for the withdrawal of the motion for sanctions. As the Magistrate Judge noted, if sanctions are eventually awarded, they will likely be in the form of

dismissal of this lawsuit and a "strike" under 28 U.S.C.A. § 1915(g). *See* Lawson v. Luke, 2009 WL 102531 (N.D. Fla. 2009) (defendant not likely to collect monetary sanctions from prisoner; dismissal is appropriate sanction for making false allegations in complaint).

While Plaintiff may be concerned about facing other sanctions from the Department of Corrections pursuant to Florida Statute §944.279(1), the time has passed for him to withdraw the pleadings and arguments about which the Defendant complains in the Motion for Sanctions. Defendant contends, and Plaintiff does not dispute, that Plaintiff was provided with proper notice of the Defendant's intent to seek Rule 11 sanctions 21 days before the Motion for Sanctions was filed, as Federal Rule of Civil Procedure 11(c)(2) requires. Only now, when the Magistrate Judge has refused to dismiss the Motion for Sanctions out of hand without further investigation, does the Plaintiff attempt to withdraw the objected-to material. He is too late.

Additionally, the Magistrate Judge is the best person to review further evidence pursuant to a ruling on the Motion for Sanctions, as he is the most familiar with all the evidence in this matter so far, and is in the best position to request and review additional relevant evidence. Upon review, this Court agrees with the Magistrate's recommendation that the matter be remanded to him for further proceedings with respect to the Motion for Sanctions.

This order does not invalidate Plaintiff's written Propose[d] Settlement (Doc. 34, pp. 6-7), which Defendant is at liberty to accept. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 32, is ADOPTED and incorporated herein.

2. Defendant's Motion for Summary Judgment, Doc. 17, is GRANTED IN PART, insofar as Plaintiff's claim for punitive damages is DISMISSED, and DENIED in all other respects.

3. This matter is REMANDED to the Magistrate Judge for further proceedings regarding the Motion for Sanctions, Doc. 27.

**DONE AND ORDERED** this  *16th* day of September, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge